UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-25472-RAR

THE GALLEON GUILD LTD,

    Plaintiff,

v.

MAZHENWEI,

                  Defendant.

                                                   /

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rules 55(a), 55(b) and 58(d) of the Federal Rules of Civil Procedure, Plaintiff, by and through its undersigned counsel, respectfully moves the Court for an entry of default and/or entry of final judgment against Defendant (collectively "Defaulting Defendant") to the Complaint.

Accordingly, Plaintiff now moves for entry of a final default judgment against Defaulting Defendant.

**INTRODUCTION**

Plaintiff filed its Complaint against Defendant for infringement on the RAGUPEL trademark on November 24, 2025. [ECF No. 1]. The Complaint alleges that Defendant created e-commerce store that is offering and selling infringing goods to U.S. consumers, including residents of Florida. *Id.* ¶5.

The time allowed for Defaulting Defendant to respond to the Complaint has expired. [ECF No. 10]. Defaulting Defendant has not been granted any extension of time to respond, nor have they filed Answer or other responsive pleadings. *See* Decl. of Palmer, ¶6, attached hereto as

**Exhibit 1**. The prerequisites for a default judgment have been met. Plaintiff therefore seeks default judgment, finding Defaulting Defendant liable for trademark infringement.

## STATEMENT OF FACTS

**Plaintiff's Rights**

Plaintiff is the owner of all rights, title and interest in the RAGUPEL trademark, U.S. Trademark Registration No. 6,501,829. *See* [ECF No. 1-1]. The registration is valid, subsisting, unrevoked, unchallenged and uncancelled. [ECF No. 1, ¶10]. The registration for the RAGUPEL mark constitutes *prima facie* evidence of validity and of Plaintiff's exclusive right to use the RAGUPEL mark pursuant to 15 U.S.C. §1057(b). *Id*.

Plaintiff has invested substantial resources to advertise, promote, and license the RAGUPEL mark for cosmetics, perfumes, false nails, essential oils, and related products in International Class 3, distributed through authorized retailers and third-party platforms such as Walmart.com. *Id*. ¶11.

Plaintiff's RAGUPEL mark has acquired significant goodwill and symbolizing superior quality. Defendant has never been authorized to use the mark. *Id*. ¶12.

**Defendant's Infringing Acts**

As alleged by Plaintiff, established by the evidence presented herein and admitted by default, Defendant is believed to be an individual or business entity operating from Xi'an, Shanxi Province, China, who conducts business in this District via an online e-commerce storefront on the Walmart Marketplace, offering for sale counterfeit or infringing RAGUPEL-branded LED nail dryers. *See* [ECF No. 1, ¶ 13].

Defendant, without authorization, has willfully reproduced and used the RAGUPEL mark in commerce by advertising and selling infringing goods. See Infringing Evidence attached hereto

as Exhibit 2. Defendant's online store targets consumers in the United States and Florida, creates a false impression of affiliation with Plaintiff, and deceives consumers into purchasing non-genuine goods. Defendant's conduct has caused actual confusion, damaged Plaintiff's reputation, and diluted the distinctiveness of the RAGUPEL brand. *See* [ECF No. 1, ¶¶ 16-17].

## PROCEDURAL HISTORY

On November 24, 2025, Plaintiff filed its Complaint arising from Defendant's unauthorized use of Plaintiff's federally registered trademark RAGUPEL, U.S. Trademark Registration No. 6,501,829. *See* [ECF No. 1, ¶1].

On December 23, 2025, pursuant to the Court's Order [ECF No. 5] authorizing alternative service by email, Plaintiff sent an email to the Defendant, using the email address provided by third-party e-commerce platform, which included the Complaint [ECF No. 1], the Summons [ECF No. 7], and a link (https://cloud.palmerlawgroup.com/index.php/s/BN8w3W8hezUNkwV) to all relevant documents. *See* [ECF No. 10].

The time allowed for Defendant to respond to the Complaint has expired. *See* Decl. of Palmer, Ex. 1, ¶5. The Defaulting Defendant has not filed any responsive pleadings to the Complaint. Defaulting Defendant has not been granted any extension of time to respond to the Complaint. Additionally, no counsel has filed a Notice of Appearance on the Defendant's behalf, and the Defendant has not entered a formal appearance *pro se*. *Id*. ¶6. To Plaintiff's knowledge, Defaulting Defendant is not an infant or an incompetent person, and upon information and belief, the Servicemembers Civil Relief Act does not apply. *Id*. ¶7.

**ARGUMENT**

**A. <u>Default Judgment Should be Entered Against Defaulting Defendant</u>**

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a) – (b) and 28 U.S.C. § 1331. [ECF No. 1 ¶ 6]. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant conducts business within this District via an interactive e-commerce platform through which infringing goods are sold and shipped into Florida. Defendant has purposefully directed commercial activities toward Florida by offering products for sale to U.S. customers, including Florida residents, accepting U.S. dollars, and shipping infringing products into the State of Florida. [ECF No. 1, ¶¶ 7-8].

  1. *<u>Default Judgment is Proper</u>*

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint because a "defendant, by his default, admits the Plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established". *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F. 3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975)); *See also PetMed Express, Inc. v. Medpets.com*, 336 F. Supp. 2d 1213, 1217 (S.D.Fla. 2004) (citing *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987)). Therefore, Defaulting Defendant is deemed to have admitted all of Plaintiff's sufficiently pled allegations in the Complaint.

In the present case, the Complaint [ECF No. 1], along with the Declaration of Palmer, attached hereto as Exhibit 1, clearly support that default judgment should be entered against Defaulting Defendant pursuant to Fed. R. Civ. P. 55.

### 2. *Factual Allegations Establish Defaulting Defendant's Liability*

Count One of the Complaint alleges that Defaulting Defendant infringed on Plaintiff's federally registered trademark in violation of 15 U.S.C. § 1114. The statutory provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(A).

Courts have interpreted this language to require that a plaintiff demonstrate a successful trademark infringement claim under Section 32 of the Lanham Act by establishing that: (1) a plaintiff had prior rights to the trademarks at issue, and (2) the defendant adopted a mark or name that was the same, or confusingly similar to the plaintiff's mark, such that consumers were likely to confuse the two. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997)).

Count Two of the Complaint alleges that Defaulting Defendant violated Section 43(a) of the Lanham Act for false designation of origin. The statutory language provides that Plaintiff must prove that Defaulting Defendant used Plaintiff's Mark "in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin, which is likely to deceive as to the affiliation, connection, or association" of Defaulting Defendant with Plaintiff, or as to the origin, sponsorship, or approval, of Defaulting Defendant's goods by Plaintiff. 15 U.S.C. § 1125(a)(1). As with trademark infringement claims, the test for liability for false designation of origin under Section 43(a) is "whether the public is likely to be deceived or confused by the similarity of the marks at issue." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780, 112 S. Ct. 2753, 2763 (1992).

The facts detailed in the Complaint [ECF No. 1], specifically through Paragraphs 9-17, along with the infringing evidence [ECF No. 1-2], substantiate the factual allegations. This allows the Court to conclude that Defaulting Defendant is liable for trademark infringement and false designation of origin as alleged. Therefore, Default Judgment should be entered against Defaulting Defendant pursuant to Fed. R. Civ. P. 55.

### B. Plaintiff is Entitled to Relief

#### 1. *Entry of a Permanent Injunction is Appropriate*

Defaulting Defendant has failed to appear, respond, or otherwise participate in this proceeding, and the record establishes both ongoing infringement and a likelihood of continued harm to Plaintiff's RAGUPEL mark absent injunctive relief. Plaintiff respectfully requests that the Court issue a permanent injunction as part of the Final Default Judgment. Pursuant to 15 U.S.C. § 1116(a), this Court is authorized to issue a permanent injunction "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office."

Permanent injunctive relief is appropriate in Lanham Act cases, particularly where the defendant has defaulted and the plaintiff demonstrates ongoing infringement and a likelihood of future harm. *See PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1222 (S.D. Fla. 2004); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995).

Accordingly, Plaintiff respectfully requests that the Court permanently enjoin Defaulting Defendant, his officer, agent, servant, employee, and any person in active concert or participation with him, from further infringing Plaintiff's RAGUPEL trademark.

   2. *Damages as to Count I for Trademark Counterfeit and Infringing*

Congress enacted a statutory damages remedy in trademark counterfeiting cases for the purpose of strengthening "the hand of businesses harmed by counterfeiters by updating existing statutes and providing stronger civil penalties against counterfeiters, including civil fines tied to the value of genuine goods and statutory damage awards of up to $1,000,000 per mark." S. REP. NO. 104-177, pt. I (1995). This bill permitted statutory damages because evidence of a defendant's profits in these cases is almost impossible to ascertain. *See, e.g.*, S. REP. NO. 104-177, pt. V(7) (1995). In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark, per type of good. 15 U.S.C. § 1117(c)(1). If the Court finds that Defendant's counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark, per type of good. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiff elects to recover an award of statutory damages as to Count I of the Complaint.

District courts have a wide discretion to set an amount of statutory damages. *PetMed Express, Inc.*, 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990). Therefore, even where a plaintiff may not be able to provide actual damages as a result of a defendant's infringement, an award of statutory damages is an appropriate remedy. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent."); *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure").

Statutory damages are essential not only when a trademark's goodwill continues to suffer but also when plaintiff cannot access crucial sales data. This is particularly true in cases where discovery is unavailable and information on the defendant's sales and profits remains elusive. The Defendant who defaults by failing to appear or respond to litigation should not be allowed to escape liability simply because they may be avoiding or showing contempt for the judicial process. This makes the application of statutory damages especially pertinent.

In the instant case, Plaintiff has detailed how Defendant has infringed on Plaintiff's RAGUPEL trademark by advertising, offering for sale, and selling counterfeit or infringing RAGUPEL products through its e-commerce storefront on Walmart.com, often at reduced prices, to U.S. consumers, including Florida residents. *See* [ECF No. 1, at ¶¶3–5, 13–17]. Defendant's actions cause ongoing and future harm to the RAGUPEL brand. [ECF No. 1, ¶¶5, 15–17, 21–22].

The harm to RAGUPEL is continuous and cannot be fully measured or compensated because Defendant's unauthorized sales prevent Plaintiff from controlling the nature, quality, and distribution of products bearing the RAGUPEL mark. [ECF No. 1, at ¶21]. Loss of such quality control directly diminishes the goodwill and reputation associated with the RAGUPEL brand, resulting in damages that are incalculable. Accordingly, Plaintiff has established that Defendant's willful infringement has caused and continues to cause irreparable injury to the RAGUPEL mark and its associated goodwill.

"In its broad discretion for determining statutory damages, the district court should consider both the willfulness of the defendant's conduct and the deterrent value of the sanction imposed." *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 852 (11th Cir. 1990). A defendant is deemed to have acted willfully where "the infringer acted with actual knowledge or reckless disregard" to a plaintiff's intellectual property rights. *See Arista*

*Records, Inc. v. Beker Enter., Inc*., 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). Willfulness may also be inferred from the defendant's default. *See PetMed Express, Inc*., 336 F. Supp. 2d at 1217 (upon default, well plead allegations taken as true). In either case, a defendant is deemed to have the requisite knowledge that its acts constitute an infringement.

Plaintiff respectfully requests this Court to award the statutory award of damages in the amount of $30,000 per mark per type of goods against Defaulting Defendant. Plaintiffs in prior cases with similar circumstances have been awarded the statutory award of damages. *See Shenzhen Aifasite Electronic Commerce Co., Ltd. v. The Partnership*, Case No.: 0:23-cv-61018 (S.D.Fla., Roy Altman, Nov. 20, 2023)*; Shenzhen Dejiayun Network Technology Co. Ltd. v. The Partnerships*, Case No.: 1:22-cv-02846 (N.D.Ill., Ronald A. Guzman, Aug. 3, 2022); *Shenzhen Dejiayun Network Technology Co. Ltd. v. The Partnerships*, Case No.: 1:21-cv-04249 (N.D.Ill., J. Sharon Johnson Coleman, Nov. 16, 2021).

The requested award of $30,000 per mark per type of goods in statutory damages against each Defaulting Defendant is both justified and within the statutory limits, aimed at fully compensating the Plaintiff for lost sales and diminished goodwill associated with the RAGUPEL brand. Furthermore, this amount is critical in covering the substantial costs incurred in the investigation and legal action against the counterfeiting activities. Such an award not only addresses the financial impact on the Plaintiff but also serves as a strong deterrent against future infringing activities by Defaulting Defendant or others, in line with the objectives set forth under 15 U.S.C. § 1117(c). *See* Joint Statement of Trademark Counterfeiting Legislation, H.R.J. Res. 648, 98th Cong., 2nd Sess., 130 Cong.Rec. H12076, H12083; *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1222 ("statutory damages under § 1117(c) are intended not just for compensation for losses, but also to punish and deter wrongful conduct.").

3. *Plaintiff's Damages as to Count II for False Designation of Origin*

The Plaintiff's Complaint asserts a cause of action for false designation of origin under §43(a) of the Lanham Act (15 U.S.C. §1125(a)). Consequently, the scope of monetary damages applicable to this case is governed by 15 U.S.C. §1117(c), which outlines the provisions for calculating statutory damages in such instances.

## CONCLUSION

Plaintiff has demonstrated grounds for entry of final default judgment against Defaulting Defendant.

WHEREFORE, Plaintiff respectfully requests this Court to enter final default judgment against Defaulting Defendant consistent with the proposed orders on Plaintiff's Motion for Final Default Judgment, and to issue a Permanent Injunction as part of the Final Default Judgment.

January 19, 2026.                                             Respectfully submitted,

/s/ Andrew Palmer
Andrew J. Palmer
Palmer Law Group, P.A.
110 East Broward Blvd, Suite 1700
Fort Lauderdale, FL 33301
Phone: 954-771-7050
ajpalmer@palmerlawgroup.com
***Attorney for Plaintiff***